UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

THEODORE J. BROCKEY and
EDWARD E. RIGOULOT,                                          18-CV-2209 (DRH)(ARL)

                                    Plaintiffs,

              -against-
                                                             **ANSWER**

WINSUPPLY, INC. and WINSUPPLY SMITHTOWN
NY CO. a/k/a WINSUPPLY OF SMITHTOWN,

                                    Defendants.

-------------------------------------------------------------------X

Defendants Winsupply, Inc. ("Winsupply") and Winsupply Smithtown NY Co. a/k/a

Winsupply of Smithtown ("Winsupply Smithtown") (collectively, "Defendants"), by their attorneys,

Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint, allege as follows:

## NATURE OF THE ACTION

1.      Deny the allegations contained in paragraph 1, except admit that Plaintiffs purport to

proceed as set forth therein.

2.      Deny the allegations contained in paragraph 2, except admit that Plaintiffs were

previously employed by Winsupply Smithtown and were terminated in July 2017

3.      Deny the allegations contained in paragraph 3, except admit that Plaintiffs purport to

proceed as set forth therein.

## JURISDICTION AND VENUE

4.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the second paragraph 1.[1]

5.      Deny knowledge or information the allegations contained in the second paragraph 2.

------

[1] The Complaint restarts numbering from "1" after paragraph 3.

6. Deny the allegations contained in the second paragraph 3, and refer all questions of law to the Court.

7. Deny the allegations contained in paragraph 4, and refer all questions of law to the Court.

## **PARTIES**

8. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 5.

9. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 6.

10. Deny the allegations contained in paragraph 7, except admit that Plaintiffs were previously employed by Winsupply Smithtown.

11. Deny the allegations contained in paragraph 8, except admit that Winsupply has offices in Dayton, Ohio.

12. Deny the allegations contained in paragraph 9, except admit Winsupply Smithtown was incorporated in the State of Delaware on or about September 23, 2016.

13. Dent the allegations contained in paragraph 10.

14. Deny the allegations contained in paragraph 11 and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

15. Deny the allegations contained in paragraph 12 and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

16. Deny the allegations contained in paragraph 13.

17.     Deny the allegations contained in paragraph 14, except admit that Andy Holmes is employed by Winsupply in the title of Area Leader, and his territory encompasses Winsupply Smithtown.

18.     Deny the allegations contained in paragraph 15.

19.     Deny the allegations contained in paragraph 16 and refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

20.     Deny the allegations contained in paragraph 17, except admit that Plaintiffs were previously employed by Winsupply Smithtown.

21.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

22.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

23.     Deny the allegations contained in paragraph 20.

24.     Deny the allegations contained in paragraph 21.

25.     Deny the allegations contained in paragraph 22.

26.     Deny the allegations contained in paragraph 23.

27.     Deny the allegations contained in paragraph 24.

28.     Deny the allegations contained in paragraph 25.

### Defendants' Ageist Comments and Discriminatory Termination of Plaintiffs

29.     Deny the allegations contained in paragraph 26.

30.     Deny the allegations contained in paragraph 27.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

32.    Deny the allegations contained in paragraph 29.

33.    Deny the allegations contained in paragraph 30.

34.    Deny the allegations contained in paragraph 31, except deny knowledge and information sufficient to form a belief as to Plaintiffs' internal thoughts or beliefs.

35.    Deny the allegations contained in paragraph 32, except admit that Winsupply Smithtown's showroom is open on Saturdays.

36.    Deny the allegations contained in paragraph 33.

37.    Deny the allegations contained in paragraph 34.

38.    Deny the allegations contained in paragraph 35, except admit that Plaintiffs employment was terminated.

39.    Deny the allegations contained in paragraph 36, except deny knowledge and information sufficient to form a belief as to Plaintiffs' internal thoughts or beliefs.

40.    Deny the allegations contained in paragraph 37.

41.    Deny the allegations contained in paragraph 38, except deny knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding their alleged job searches.

## FIRST CAUSE OF ACTION

### Age Discrimination in Violation of the ADEA

42.    In response to the allegations contained in paragraph 39, respond as set forth in paragraphs 1 through 42 herein.

43.    Deny the allegations contained in paragraph 40.

44.     Deny the allegations contained in paragraph 41.

## SECOND CAUSE OF ACTION

### Age Discrimination in Violation of the NYSHRL

45.     In response to the allegations contained in paragraph 42, respond as set forth in paragraphs 1 through 44 herein.

46.     Deny the allegations contained in paragraph 43.

47.     Deny the allegations contained in paragraph 44.

## FIRST AFFIRMATIVE DEFENSE

48.     The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

49.     The damages allegedly suffered by Plaintiffs were caused in whole or in part, or were exacerbated by, the negligence and/or culpable conduct of Plaintiffs and, accordingly, Plaintiffs' claims against Defendants are barred or diminished in the proportion that such negligence and culpable conduct bears to the total culpable conduct causing the alleged damages.

## THIRD AFFIRMATIVE DEFENSE

50.     Any alleged damages that were sustained by Plaintiffs resulted from, or were proximately caused by, the acts or omissions of third parties over whom Defendants had no control.

## FOURTH AFFIRMATIVE DEFENSE

51.     Plaintiffs' claims are barred by reason of their own negligent, willful conduct, culpable conduct, acquiescence, recklessness, fraud, deceit, misrepresentation, consent, approval and ratification.

## FIFTH AFFIRMATIVE DEFENSE

52.     Plaintiffs sustained no damages as a result of Defendants' allegedly actionable conduct.

## SIXTH AFFIRMATIVE DEFENSE

53.     Plaintiffs are barred in whole or in part by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

54.     Plaintiffs' claims are precluded in whole or part to the extent they failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

55.     Plaintiffs' are guilty of laches in commencing and/or prosecuting the instant claims.

## NINTH AFFIRMATIVE DEFENSE

56.     Plaintiffs' claims are barred in whole or part by his unclean hands.

## TENTH AFFIRMATIVE DEFENSE

57.     Plaintiffs' age was not the "but for" cause for their termination.

## ELEVENTH AFFIRMATIVE DEFENSE

58.     Plaintiffs are not entitled to recover punitive or liquidated damages because Defendants did not engage in any discriminatory, harassing or otherwise wrongful conduct either willfully or with malice or reckless indifference to Plaintiffs' rights.

## TWELFTH AFFIRMATIVE DEFENSE

59.     Defendants exercised reasonable care to prevent and promptly correct any discriminatory behavior and Plaintiffs unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of.

### THIRTEENTH AFFIRMATIVE DEFENSE

60.   Plaintiffs' claims are barred by the doctrine of waiver or release of claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

61.   Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

### FIFTEENTH AFFIRMATIVE DEFENSE

62.   Plaintiffs have suffered no damages attributable to actionable conduct by Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

63.   To the extent Plaintiffs allege any impermissible motivation in Defendants' treatment of them, which allegation is denied, Defendants would have taken the same action in the absence of such impermissible motivating factor.

### SEVENTEENTH AFFIRMATIVE DEFENSE

64.   Defendants' acts were undertaken in good faith without reckless disregard for Plaintiffs' statutory rights and in compliance with applicable laws, rules, regulations, rulings, approvals, interpretations and orders.

### EIGHTEENTH AFFIRMATIVE DEFENSE

65.   Plaintiffs' damages claims are barred in whole or part by after-acquired evidence of misconduct.

### NINETEENTH AFFIRMATIVE DEFENSE

66.   Defendants acted reasonably and in the proper and lawful exercise of discretion, its actions were not discriminatory or retaliatory, all of their actions toward Plaintiffs were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### TWENTIETH AFFIRMATIVE DEFENSE

67.     Defendants did not encourage, condone, approve, or participate in any allegedly discriminatory conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

68.     This action may be barred by Plaintiffs' election of remedies.

WHEREFORE, Defendants respectfully requests that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Award Defendants the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

3. Grant such other and further relief as is just and proper.

Dated:  New York, New York
        June 19, 2018

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/s/ Adam E. Collyer_____

By:   Jeffrey Spiegel, Esq.
      Adam E. Collyer, Esq.
      *Attorneys for Defendants*
      77 Water Street, Suite 2100
      New York, New York  10005
      212-232-1300


To:   Beranbaum Menken LLP
      *Attorneys for Plaintiffs*
      80 Pine Street, 33rd Floor
      New York, NY 10005
      212-509-1616

## CERTIFICATE OF SERVICE

Adam E. Collyer, an attorney duly admitted to practice before this court, certifies that on June 19, 2018, he served and filed via ECF a copy of the within Answer upon the attorneys of record.


/s/ Adam E. Collyer
Adam E. Collyer
